## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## JASPER DIVISION

| | | |
|---|---|---|
| **SHERRY REDFORD,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **VS.** | ) | **CASE NO.** |
| | ) | |
| **ALABAMA CVS PHARMACY, LLC,** | ) | |
| | ) | |
| **DEFENDANT.** | ) | |

## NOTICE OF REMOVAL OF DEFENDANT, ALABAMA CVS PHARMACY LLC

COMES NOW, Defendant, **ALABAMA CVS PHARMACY LLC** ("CVS"), and gives Notice of Removal of this action from the Circuit Court of Walker County, Alabama, to the United States District Court for the Northern District of Alabama Division. Removal is based on diversity jurisdiction pursuant to 28 U.S.C. §1332(a) and (d) and 28 U.S.C. §1441(a). As further support of removal of this action, CVS would show as follows:

1.     **State Court Action.**

Plaintiff, Sherry Redford, filed this action in the Circuit Court of Walker County, Alabama, on or about   May 14, 2019 (Civil Action No. 64-CV-2019-900176). Copies of the Summons and Complaint and all other pleadings that were served on the Defendant on or about September 11, 2019, are attached as Exhibit 1.

A complete copy of the record maintained by the Clerk of the Circuit Court of Walker County, Alabama is attached as Exhibit 2.

Pursuant to 28 U.S.C. § 1446(d), Defendant's counsel is this same date filing a copy of this Notice of Removal in the Circuit Court of Walker County, Alabama, and is serving Plaintiff with a copy by and through her counsel.

2.    **Diversity of Citizenship.**

There is complete diversity of citizenship between the parties.  Plaintiff alleges that she is a citizen and resident of the State of Virginia.  See ¶ 2 of the Complaint. Her Virginia residency is further supported by documents that are part of Exhibit 2 filed herewith.

Defendant, Alabama CVS Pharmacy, L.L.C. is, and at the time of filing of this action was, a limited liability company whose sole member is CVS Pharmacy, Inc., which is, and at the time of the filing of this action was, a corporation existing under the laws of the state of Rhode Island, having its principal place of business in the State of Rhode Island.  Thus, Alabama CVS Pharmacy, L.L.C. is considered a citizen of the State of Rhode Island for purposes of determining federal diversity jurisdiction.  See *Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) (holding that a limited liability company's citizenship is that of its member for diversity jurisdiction purposes).  There are no other individuals or entities identified as defendants in Plaintiff's Complaint other than fictitiously.

Accordingly, this Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332.

**3.**   **Amount in Controversy.**

(a)   Upon information and belief, the amount in controversy in this action, exceeds the sum of $75,000, exclusive of interest and costs.  Plaintiff claims that on May 15, 2017, she tripped over a parking bumper or "wheel stop" outside of Defendant's store in Jasper, Alabama, and fell onto the sidewalk suffering injuries from the fall including, but not limited to, "injuries to her face and mouth." (Complaint,¶ 10).  Two years after the fall, Plaintiff claims that she "has suffered and continues to suffer, injuries, harm and damages." (Complaint,¶ 16). Without specifying the exact injuries or damages, Plaintiff demands judgment for "compensatory and punitive damages" and has listed the damages she demands as follows:

> A.   Plaintiff demands compensatory damages to compensate Plaintiff for her injuries and other harms, losses and damages which have been inflicted upon her as a proximate result of the wrongs complained of and set out above.
>
> B.   Plaintiff demands compensation for physical pain and suffering; future pain and suffering; and mental anguish and future mental anguish.
>
> C.   Plaintiff demands compensation for her injuries because such injuries proximately resulted from the wrongs complained of in this lawsuit.

D.      Plaintiff demands damages for past, present and future medical expenses for all reasonable expenses necessarily incurred for doctors' and medical bills which the Plaintiff has paid or become obligated to pay and the amount of the reasonable expenses of medical care, treatment and services reasonably certain to be required in the future.

E.      Plaintiff demands compensation and punitive damages and all other damages recognized by Alabama Law.

(b)     The Complaint closes with the following demand:

Plaintiff demands a judgment ... for compensatory and punitive damages under Alabama law in such amount as the Court may find appropriate under the circumstances of this case for the purposes allowed by law, including but not limited to the preservation of human life, the protection of the public by deterring these Defendants and others from doing such wrong in the future, and as punitive damages. Plaintiff claims such punitive damages to which she may be entitled under the facts and law in this case. Plaintiff further claims any and all other damages of any type or description allowable under Alabama law.

Plaintiff demands from Defendants a joint recovery of no more than $74,500.00 including costs of court.

(Complaint ¶16E).

(c)     The 2011 statutory amendments to 28 U.S.C. § 1446 amended §

1446(c)(2) to read as follows:

(2)     If removal of a civil action is sought on the basis of the jurisdictional amount conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, *except* that

       (A)   the notice of removal may assert the amount in controversy if the initial pleading seeks —

            (i)    nonmonetary relief; or

            (ii)   a money judgment, but the ***State practice*** either does not permit demand for a specific sum or ***permits recovery of damages in excess of the amount demanded***; and

            (B)   removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) *if the district court finds*, ***by the preponderance of the evidence***, that the amount in controversy exceeds the amount specified in section 1332(a).

28 U.S.C. § 1446(c)(2) (emphasis added).

    (d)     The exception in § 1446(c)(2)(A)(ii) applies here because Alabama law permits a recovery in excess of the amount demanded in the Complaint. See, *Northington v State Farm Fire & Cas. Co.* 2013 U.S. Dist. LEXIS 201936 (USDC N.D. Ala. 2013) citing ALA. R. CIV. P. 54(c); *Breland v. Ford*, 693 So. 2d 393, 397 (Ala. 1996); *Fuller v. Preferred Risk Life Ins. Co.*, 577 So. 2d 878, 883-84 (Ala. 1991). See also, *Dart Cherokee Basin Operating Co., LLC v. Owens*, U.S. 135 S.Ct. 547, 553-54, 190 L. Ed. 2d 495 (2014) (explaining that, when the amount in controversy is in dispute, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied"). Thus, the Court is not bound by a demand in the Complaint less than $75,000.00.

(e)    In *Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81,

135 S.Ct. 547, 553-54, 190 L. Ed. 2d 495 (2014) the United States Supreme Court

explained that, when the amount in controversy is in dispute, "both sides submit

proof and the court decides, by a preponderance of the evidence, whether the

amount-in-controversy requirement has been satisfied").  As explained by the Court

in *Santana v. Coggin Chevrolet LLC*, 2017 U.S. Dist. LEXIS 44985, 2017 WL

1149330:

> The Supreme Court recently clarified the procedure for
> evaluating the amount in controversy for diversity
> jurisdiction purposes in *Dart Cherokee Basin Operating
> Co., LLC v. Owens*, 135 S. Ct. 547, 190 L. Ed. 2d 495
> (2014). There, the Court observed that:
>
> When a defendant seeks federal-court adjudication, the
> defendant's amount-in-controversy allegation should be
> accepted when not contested by the plaintiff or questioned
> by the court. ... If the plaintiff contests the defendant's
> allegation, § 1446(c)(2)(B) instructs: "[R]emoval ... is
> proper on the basis of an amount in controversy asserted"
> by the defendant "if the district court finds, by the
> preponderance of the evidence, that the amount in
> controversy exceeds" the jurisdictional threshold. This
> provision ... clarifies the procedure in order when a
> defendant's assertion of the amount in controversy is
> challenged. In such a case, both sides submit proof and the
> court decides, by a preponderance of the evidence,
> whether the amount-in-controversy requirement has been
> satisfied.
>
> *Dart*, 135 S. Ct. at 553-54 (footnote omitted)

In addition, "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, at 1061-62 11th Cir. 2010) (quoting *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 754 (11th. Cir. 2010). Indeed, "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." Id. at 1062. A district court does not have to "suspend reality or shelve common sense" in determining whether the jurisdictional burden has been met. *Roe v. Michelin North America, Inc.,* 637 F. Supp. 2d 995, 999 (M.D. Ala. 2009)  (quoted with approval in *Pretka,* 608 F.3d at 770).

(f)   Personal Injuries/ Physical pain and suffering: The Complaint alleges that Plaintiff suffered "injuries to her face and mouth." (Complaint,¶ 10)   On information and belief, those injuries include the loss of at least two teeth as a result of the fall.  She was prescribed pain medication and it is reasonable to expect there was pain associated with the injuries described. (Exhibit 3).  As noted in *Mason v. Sunbeam Prods.,* 2017 U.S. Dist. LEXIS 61526, 2017 WL 1437514 where a Motion to Remand was denied:

> Alabama law requires a jury to award sufficient compensation for pain and suffering damages, in addition to a plaintiff's uncontradicted special damages. *Allen v. Briggs,* 60 So. 3d 899, 905 (Ala. Civ. App. 2010). In *Allen,*

7

a negligence action arising from a motor vehicle accident, the Alabama Court of Civil Appeals affirmed a $30,000 verdict that included approximately $14,000 for uncontroverted special damages and approximately $16,000 in compensation for other damages, including pain and suffering. See id. at 905-06. If a jury awarded Plaintiff pain and suffering damages roughly equivalent to the medical expenses established by the hospital lien, then that jury would award Plaintiff a verdict which well exceeds $75,000. Based on the court's commonsense valuation, and informed by reasonable deduction, the court concludes that "[w]hile it would be speculative to specify the exact dollar amount at issue in this case, it is not speculative" to conclude that it exceeds $75,000. *Roe v. Michelin N. Am., Inc.*, 637 F. Supp. 2d 995, 999 (M.D. Ala. 2009).

See also, *Higgins v. United States Steel Corp.*, 2017 U.S. Dist. LEXIS 54297, 2017 WL 1317865.

(g)   Mental anguish and future mental anguish: The Complaint alleges Plaintiff suffered and is entitled to mental anguish and future mental anguish. (Complaint ¶16B)   Mental anguish includes anxiety, embarrassment, anger, fear, frustration, disappointment, worry, annoyance, and inconvenience." *Horton Homes, Inc. v. Brooks*, 832 So. 2d 44, 53 (Ala. 2001).   Under Alabama law, where liability is proven, the verdict must include an amount at least as high as the uncontradicted special damages, as well as an amount sufficient to make any compensation for pain and mental suffering. *Shannon v. Miller*, 644 So. 2d 9, 10 to 644 So. 2d 9, 11 (Ala. Civ. App. 1994); *Nemec v. Harris*, 536 So. 2d 93 (Ala. Civ. App. 1988). However, "there is no fixed standard for determining the amount of compensatory damages a

8

jury may award for mental anguish." *Delchamps, Inc. v. Bryant*, 738 So. 2d 824, 837 (Ala. 1999).

(g)   Medical Expenses:   On information and belief and as supported by Exhibit 3 to this Notice of Removal, Plaintiff's claim for "**past,** present and future medical expenses for all reasonable expenses necessarily incurred for doctors' and medical bills" includes the following:

| Date | Provider | Description | Amount Charged |
|------|----------|-------------|----------------|
| 5/15/17 | Regional Paramedical Services | Transport to Walker Baptist Medical Center | $   743.50 |
| 5/15/17 | Walker Baptist MC Jasper, AL | Treatment in Emergency Department | $10,540.00 |
| 5/15/17 | Island Medical | ER Physician services fee | $ 1,342.00 |
| 5/15/17 | Birmingham Radiological Group | x-rays and 3 CT Scans | $   671.00 |
| 5/15/17 | Walgreen's | Prescriptions for Amoxicillin and hydrocodone | 9.53 |
| 5/21/17 | Jefferson Memorial Hospital Jefferson City, TN | Treatment in Emergency Department | $ 2,435.66 |
| 5/21/17 | | ER Physician services fee | ? |
| 5/21/17 | St. Francis Med. C, Bon Secours Midlothian, VA | Treatment in Emergency Department | $2,551.96 |
| 5/21/17 | | ER Physician services fee | ? |
| 5/22/17 | Commonwealth Oral & Facial Surgery | Extraction of tooth #9 on 5/23/19 | $1,145.00 |
| 6/1/17 | Walmart Pharmacy | Prescriptions for Triazolam | $     3.34 |
| 6/14/17 | Walmart Pharmacy | Prescriptions for Amoxicillin | 5.35 |

| | | TOTAL KNOWN MEDICAL EXPENSES FIRST 30 DAYS | $19,447.34 |
|---|---|---|---|

(g)   <u>Punitive Damages:</u> As noted above, the Complaint includes a claim for punitive damages. (Complaint ¶ 16E).   When reviewing the face of the Complaint, the court must consider punitive damages unless it is apparent to a legal certainty that such cannot be recovered. *See, e.g., Holley Equip. co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987); *Jones v. Novartis Pharm. Co.*, 952 F.Supp. 2d 1277, 1284 (N.D. Ala. 2013) (considering demand for punitive damages in assessment of amount in controversy for removal purposes); *Blackwell v. Great American Fin. Res., Inc.*, 620 F.Supp. 2d 1289, 1291 (N.D. Ala. 2009) (reasoning that the amount in controversy had been met because, in part, "a punitive award of slightly more than double the compensatory damages claim would occasion an amount in controversy that exceeds the jurisdictional minimum.").   Using the *Blackwell* analysis, if all of the compensatory damages claimed by Plaintiff total slightly over $25,000, a punitive damages award would create and amount in controversy that exceeds the jurisdictional minimum.  Here, even a modest award for pain and suffering and mental anguish when added to the medical specials and some amount of punitive damages would easily result in a verdict exceeding $75,000.00.

4.     **Diversity Jurisdiction.**

This action is one under which the Court has jurisdiction pursuant to 28 U.S.C. §1332 and which may be removed to this Court pursuant to 28 U.S.C. §1441, as it is a civil action in which Plaintiff is a resident of the State of Alabama, and the Defendants are not, and in which the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5.     **Timeliness of Notice of Removal.**

Defendant was served with the Summons and Complaint on September 11, 2019. Removal of this action is, therefore, timely under 28 U.S.C. §1446(b).

6.     **Relief Requested.**

Defendant requests that the United States District Court for the Northern District of Alabama, Jasper Division, assume jurisdiction over the above-captioned action and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial of this action.

Dated:  October 8, 2019.

Respectfully submitted,

Defendant,
**Alabama CVS Pharmacy, L.L.C**.
By its attorney,


*/s/ J. Allen Sydnor, Jr.*
J. Allen Sydnor, Jr.  (ASB-6517-D55J)

11

**OF COUNSEL:**
HUIE, FERNAMBUCQ & STEWART, LLP
3291 US Highway 280, Suite 200
Birmingham, Alabama 35243
Telephone (205) 251-1193
Facsimile (205) 251-1256
asydnor@huielaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing **NOTICE OF REMOVAL OF DEFENDANT ALABAMA CVS PHARMACY, LLC** has been electronically served upon:

Nicholas B. Sparks, Esq.
Post Office Box 729
Jasper AL 35502
nicholassparkslaw@gmail.com

on October 8, 2019.

/s/ J. Allen Sydnor, Jr.
OF COUNSEL