# Exhibit 1


### CT Corporation

**Service of Process Transmittal**
09/11/2019
CT Log Number 536227916

**TO:** Serviceof Process
CVS Health Companies
1 Cvs Dr Mail Code 1160
Woonsocket, RI 02895-6146

**RE:** **Process Served in Alabama**

**FOR:** Alabama CVS Pharmacy, L.L.C. (Domestic State: AL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | SHERRY REDFORD, PLTF. vs. Alabama CVS Pharmacy, LLC, Dft. |
| **DOCUMENT(S) SERVED:** | Notice, Summons, Cover Sheet, Complaint |
| **COURT/AGENCY:** | Walker County Circuit Court, AL<br>Case # 64CV201990017600 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - 05/15/2017 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Montgomery, AL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/11/2019 at 15:50 |
| **JURISDICTION SERVED:** | Alabama |
| **APPEARANCE OR ANSWER DUE:** | WITHIN 30 DAYS AFTER THIS SUMMONS |
| **ATTORNEY(S) / SENDER(S):** | Nicholas B. Sparks<br>KING, WILEY & WILLIAMS<br>1824 3rd Avenue South<br>PO Box 1688<br>Jasper, AL 35502<br>205-221-3500 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/12/2019, Expected Purge Date: 09/17/2019<br><br>Image SOP<br><br>Email Notification, Serviceof Process Service_of_Process@cvs.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>2 North Jackson Street<br>Suite 605<br>Montgomery, AL 36104 |
| **For Questions:** | 212-590-9070 |

Page 1 of 1 / AA

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



AlaFile E-Notice

64-CV-2019-900176.00

To: ALABAMA CVS PHARMACY, LLC
C/O CT CORP SYSTEM
2 N. JACKSON. ST. STE 605
MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF WALKER COUNTY, ALABAMA

SHERRY REDFORD V. ALABAMA CVS PHARMACY, LLC
64-CV-2019-900176.00

The following complaint was FILED on 5/14/2019 4:34:06 PM

Notice Date:   5/14/2019 4:34:06 PM

SUSAN ODOM
CIRCUIT COURT CLERK
WALKER COUNTY, ALABAMA
1803 3RD AVE
SUITE 205
JASPER, AL, 35501

205-384-7268

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>- CIVIL - | **Court Case Number**<br>64-CV-2019-900176.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF WALKER COUNTY, ALABAMA
## SHERRY REDFORD V. ALABAMA CVS PHARMACY, LLC

**NOTICE TO:** ALABAMA CVS PHARMACY, LLC, C/O CT CORP SYSTEM 2 N. JACKSON. ST. STE 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), NICHOLAS BERNELL SPARKS

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: P. O. Box 729, JASPER, AL 35502

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of SHERRY REDFORD pursuant to the Alabama Rules of the Civil Procedure.                                *[Name(s)]*

| 5/14/2019 4:34:06 PM | /s/ SUSAN ODOM | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.   /s/ NICHOLAS BERNELL SPARKS
*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____
                                                                  *(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____ in _____ County,

*(Name of Person Served)*          *(Name of County)*

Alabama on _____
            *(Date)*

                                                        _____
                                                        *(Address of Server)*

*(Type of Process Server)*   *(Server's Signature)*

                            *(Server's Printed Name)*   *(Phone Number of Server)*

DOCUMENT 1

ELECTRONICALLY FILED
5/14/2019 4:32 PM
64-CV-2019-900176.00
CIRCUIT COURT OF
WALKER COUNTY, ALABAMA
SUSAN ODOM, CLERK

| State of Alabama<br>Unified Judicial System<br>Form ARCiv-93  Rev. 9/18 | **COVER SHEET<br>CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case:<br>64<br>Date of Filing:<br>05/14/2019 | Judge Code: |
|---|---|---|---|

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF WALKER COUNTY, ALABAMA**
**SHERRY REDFORD v. ALABAMA CVS PHARMACY, LLC**

**First Plaintiff:** ☐ Business ☑ Individual ☐ Government ☐ Other
**First Defendant:** ☑ Business ☐ Individual ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☑ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other:

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ INITIAL FILING    A ☐ APPEAL FROM DISTRICT COURT    O ☐ OTHER
R ☐ REMANDED    T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☐ YES ☑ NO    Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:** SPA026    5/14/2019 4:32:52 PM    /s/ NICHOLAS BERNELL SPARKS
Date    Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ YES ☑ NO ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** ☐ YES ☐ NO

ELECTRONICALLY FILED
5/14/2019 4:32 PM
64-CV-2019-900176.00
CIRCUIT COURT OF
WALKER COUNTY, ALABAMA
SUSAN ODOM, CLERK

IN THE CIRCUIT COURT OF WALKER COUNTY, ALABAMA

| | |
|---|---|
| SHERRY REDFORD, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| vs. | ) CASE NO.: CV-2019- |
| | ) |
| ALABAMA CVS PHARMACY, LLC, | ) |

There may be other entities whose true names and identities are unknown to the Plaintiff at this time who may be legally responsible for the claim(s) set forth herein who may be added by amendment by the plaintiff when their true names and identities are accurately ascertained by further discovery. Until such time, the Plaintiff will designate these parties in accordance with ARCP 9(h). The word "entity" as used herein is intended to refer to and include any and all legal entities including individual persons, and all forms of partnerships, and all types of corporations and unincorporated associations. The symbol by which these party Defendants are designated is intended to include more than one entity in the event that discovery reveals that the descriptive characterization of the symbol applies to more than one entity. In the present action, the party Defendants which the Plaintiff will include by descriptive characterization are as follows: Defendants A and B, whether singular or plural, being the correct legal names of each of the above named Defendant; Defendants C and D, whether singular or plural, Plaintiff thereby intending to designate those individual(s) or entity(ies) who or which owned, operated, managed and/or controlled the premises upon which the incident made the basis of this Complaint occurred; Defendants E and F, whether singular or plural, Plaintiff thereby intending to designate the individual(s) or entity(ies) who or which were the employer(s) of person(s) responsible in whole or in part for the incident made the basis of this Complaint and injuries resulting as a proximate consequence thereof; Defendants G and H, whether singular or plural, Plaintiff thereby intending to designate the individual(s) and/or entity(ies) acting as agent(s), Servant(s), or employee(s) of the Defendants on the occasion of the incident made the basis of this lawsuit; Defendants I and J, whether singular or plural, Plaintiff thereby intending to designate the entity or entities who or which negligently and/or wantonly supervised and/or trained the individual(s) and/or entity(ies) acting as agent(s), servant(s), or employee(s) of the Defendants on the occasion of the incident made the basis of this lawsuit; Defendants K and L, whether singular or plural, Plaintiff thereby intending to designate the individual(s), entity or entities other than those described above whose negligence, wantonness, failure to act, breach of duty or other wrongful conduct caused or contributed to the occurrence made the basis of Plaintiff's claims; Defendants M and N, whether singular or plural, Plaintiff thereby intending to designate those persons or entities other than those described above, who or which is or are the successor(s) in interest to any

of those entities described herein above. Plaintiff alleges that the identities of said fictitious defendants are unknown to Plaintiff other than as stated, or if their identities are known, their status as proper parties Defendant is unknown at present, but their true names will be added or substituted by amendment when ascertained.

**Defendants.**

## COMPLAINT

**COMES NOW** the Plaintiff Sherry Redford, by and through her undersigned counsel, and for her Complaint against the named defendants and fictitious defendants identified herein, separately and severally alleges as follows:

## VENUE

1. Venue is proper in Walker County, pursuant to Ala. Code (1975) § 6-3-7(a)(1) and § 12-12-36.

## PARTIES

2. Plaintiff Sherry Redford is a resident of the State of Virginia and is more than nineteen (19) years of age.

3. Defendant Alabama CVS Pharmacy, LLC (hereinafter referred to as "Defendant" or "CVS") is a domestic limited liability company. At all times relevant and relative to this Complaint, Defendant CVS was doing business in Walker County, Alabama at 101 N Airport Road Jasper, AL 35501.

4. FICTITIOUS PARTIES A through N: There may be other entities whose true names and identities are unknown to the Plaintiff at this time who may be legally responsible for the claim(s) set forth herein who may be added by amendment by the plaintiff when their true names and identities are accurately ascertained by further discovery. Until such time, the Plaintiff will

designate these parties in accordance with ARCP 9(h). The word "entity" as used herein is intended to refer to and include any and all legal entities including individual persons, and all forms of partnerships, and all types of corporations and unincorporated associations. The symbol by which these party Defendants are designated is intended to include more than one entity in the event that discovery reveals that the descriptive characterization of the symbol applies to more than one entity. In the present action, the party Defendants which the Plaintiff will include by descriptive characterization are as follows: Defendants A and B, whether singular or plural, being the correct legal names of each of the above named Defendant; Defendants C and D, whether singular or plural, Plaintiff thereby intending to designate those individual(s) or entity(ies) who or which owned, operated, managed and/or controlled the premises upon which the incident made the basis of this Complaint occurred; Defendants E and F, whether singular or plural, Plaintiff thereby intending to designate the individual(s) or entity(ies) who or which were the employer(s) of person(s) responsible in whole or in part for the incident made the basis of this Complaint and injuries resulting as a proximate consequence thereof; Defendants G and H, whether singular or plural, Plaintiff thereby intending to designate the individual(s) and/or entity(ies) acting as agent(s). Servant(s), or employee(s) of the Defendants on the occasion of the incident made the basis of this lawsuit; Defendants I and J, whether singular or plural, Plaintiff thereby intending to designate the entity or entities who or which negligently and/or wantonly supervised and/or trained the individual(s) and/or entity(ies) acting as agent(s), servant(s), or employee(s) of the Defendants on the occasion of the incident made the basis of this lawsuit; Defendants K and L, whether singular or plural, Plaintiff thereby intending to designate the individual(s), entity or entities other than those described above whose negligence, wantonness,

failure to act, breach of duty or other wrongful conduct caused or contributed to the occurrence made the basis of Plaintiff's claims; Defendants M and N, whether singular or plural, Plaintiff thereby intending to designate those persons or entities other than those described above, who or which is or are the successor(s) in interest to any of those entities described herein above. Plaintiff alleges that the identities of said fictitious defendants are unknown to Plaintiff other than as stated, or if their identities are known, their status as proper parties Defendant is unknown at present, but their true names will be added or substituted by amendment when ascertained.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

5. On May 15, 2017, (the "date of the incident"), Plaintiff visited the CVS store location at 101 N Airport Road Jasper, AL 35501.

6. On the date of the incident, Plaintiff was a customer at the CVS store location where she intended to purchase certain items for sale by Defendant CVS.

7. Redford's vehicle parked in a parking spot near the front door of the store.

8. Redford—a passenger in her vehicle—got out of the passenger side door and approached the sidewalk.

9. Plaintiff tripped over a parking bumper or "wheel stop" and fell onto the sidewalk. Said parking bumper or "wheel stop" is an inherently dangerous object when placed in foot traffic and is violative of one or more safety codes in the condition it was in on the date of the incident.

10. Plaintiff suffered injuries from the fall including, but not limited to, injuries to her face and mouth.

## COUNT I

### (Premises Liability)

11. Plaintiff adopts and incorporates all preceding allegations and averments as though fully set forth herein, and further avers as follows:

12. Defendants, jointly and/or severally, owned, operated, managed and/or controlled the premises upon which the subject incident occurred giving rise to Plaintiff's harm and damages alleged herein;

13. Plaintiff, at the time of the incident giving rise to the harm, damages and/or injuries complained of herein, was an invitee upon said premises;

14. As an invitee upon said premises, Defendants, jointly and/or severally, owed to Plaintiff a legal duty and/or obligation, (a) to use reasonable care in keeping and maintaining the premises in a reasonable safe condition commensurate with the business and/or activities conducted thereon: and/or (b) to give Plaintiff warning of concealed perils which were known or should have been known to Defendants, and which were unknown to Plaintiff and, under the circumstances, could not have been discovered by her through the exercise of due care.

15. Defendants, jointly and/or severally, failed to conform to such legal duty(ies) and/or obligation(s);

16. As a direct, proximate and foreseeable result and consequence of the Defendants' breach of such legal duty and/or obligation, jointly and/or severally, Plaintiff has has suffered, and continues to suffer, injuries, harm and damages.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgment against Defendants for compensatory and punitive damages to fairly and reasonably compensate Plaintiff for her injuries, damages, harms and losses sustained.

A. Plaintiff demands compensatory damages to compensate Plaintiff for her injuries and other harms, losses and damages which have been inflicted upon her as a proximate result of the wrongs complained of and set out above.

B. Plaintiff demands compensation for physical pain and suffering; future pain and suffering; and mental anguish and future mental anguish.

C. Plaintiff demands compensation for her injuries because such injuries proximately resulted from the wrongs complained of in this lawsuit.

D. Plaintiff demands damages for past, present and future medical expenses for all reasonable expenses necessarily incurred for doctors' and medical bills which the Plaintiff has paid or become obligated to pay and the amount of the reasonable expenses of medical care, treatment and services reasonably certain to be required in the future.

E. Plaintiff demands compensation and punitive damages and all other damages recognized by Alabama Law.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgment against all Defendants, including Fictitious defendants A through N for compensatory and punitive damages under Alabama law in such amount as the Court may find appropriate under the circumstances of this case for the purposes allowed by law, including but not limited to the preservation of human life, the protection of the public by deterring these Defendants and others from doing such wrong in the future, and as punitive damages. Plaintiff claims such punitive damages to which she may be entitled under the facts and law in this case. Plaintiff further claims any and all other damages of any type or description allowable under Alabama law.

Plaintiff demands from Defendants a joint recovery of no more than $74,500.00 including costs of court.

Respectfully submitted,

/s/ Nicholas B. Sparks
Nicholas B. Sparks (SPA 026)
Attorneys for Plaintiff, Sherry Redford

**OF COUNSEL:**
KING, WILEY & WILLIAMS
1824 3rd Avenue South
PO Box 1688
Jasper AL 35502-1688
Tel.: (205) 221-3500
Fax.: (205) 221-3581
nick@jasperlawyers.com

PLAINTIFF TO SERVE DEFENDANT ALABAMA CVS PHARMACY, LLC BY CERTIFIED MAIL AT THE FOLLOWING ADDRESS:

ALABAMA CVS PHARMACY, LLC
c/o CT Corporation System
2 N Jackson St., Ste. 605
Montgomery, AL 36104